IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY RYAN RICHARDS, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:17-cv-2591-L (BT) |
| § | |
| DARRIN J. HARMON, *Warden*, § | |
| FCI SEAGOVILLE, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Timothy Richards, a federal prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be DENIED.

I.

On November 7, 2008, the United State District Court for the Middle District of Tennessee sentenced Petitioner to a sixteen year term of imprisonment for convictions of the following offenses: (1) production of child pornography; (2) advertising child pornography; (3) possession of child pornography; (4) conspiracy to distribute child pornography; (5) distribution of child pornography; and (6) violation of record keeping requirements. Resp. App. (ECF No. 8) at 10, 11. Petitioner does not challenge his convictions or sentence. Instead, he argues: (1)

1

the Bureau of Prisons ("BOP") violated the Administrative Procedures Act ("APA") when it disqualified him from participating in the Residential Drug Abuse Program ("RDAP") due to his conviction for production of child pornography; and (2) BOP Policy Statement 5162.05 improperly lists his offense as a crime of violence which caused him to be ineligible for the RDAP.

On August 16, 2017, Petitioner filed the instant § 2241 petition. On December 4, 2017, the government filed its answer. On June 7, 2018, Petitioner filed a reply.

II.

Under 18 U.S.C. § 3621(e)(2)(B), if an inmate successfully completes the RDAP, the BOP may reduce the period an inmate convicted of a nonviolent offense remains in custody, "but such reduction may not be more than one year from the term that the inmate must otherwise serve." *See* 18 U.S.C. § 3621 (e)(2)(B); 28 C.F.R. § 550.55. Certain inmates, however, are not eligible for early release under the RDAP. *See* 28 C.F.R. § 550.55.  As relevant here, the BOP found Petitioner was ineligible for early release under the RDAP because:  (1) Petitioner's conviction for production of child pornography "by its nature or conduct involves sexual abuse offenses committed upon minors (28 C.F.R. § 550.55(b)(5)(iv))," and (2) under BOP Policy Statement 5162.05, section 3.a., offenders who are convicted of sexual abuse or exploitation of minors are ineligible. Resp. App. (ECF No. 8) at 38, 51.

The APA provides that a person suffering a legal wrong because of an agency's action is entitled to judicial review, unless otherwise precluded by statute. *See* 5 U.S.C. §§ 701, 702. The APA, however, does not apply to the BOP's program eligibility determinations under § 3621(e). *See* 18 U.S.C § 3625 (stating the APA does "not apply to the making of any determination, decision, or order" under the subchapter that includes § 3621(e)); *see also, Knapp v. United States*, 2005 WL 2233587 at *2 (N.D. Tex. Sept. 13, 2005) (stating pursuant to § 3625, BOP's decision to exclude a prisoner from RDAP is not reviewable under the APA.) Petitioner's claims under the APA should therefore be denied.

Further, Petitioner's claim that the BOP Policy Statement improperly excluded him from the RDAP is without merit. The Fifth Circuit has determined there is no constitutionally protected liberty interest in receiving a sentence reduction under the RDAP. *See Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007). The Court found that "[t]he grant of discretion to the BOP in §3621(e)(2)(B) indicates that no entitlement, and hence no liberty interest, was created." *Id.* The petition should therefore be denied.

### III.

For the reasons stated, the Court recommends that the petition filed under 28 U.S.C. § 2241 be DENIED.

Signed July 9, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).