IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY RYAN RICHARDS,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:17-CV-2591-L-BT** |
| | § | |
| **DARRIN J. HARMON, *Warden*,** | § | |
| **FCI SEAGOVILLE,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

The case was referred to United States Magistrate Judge Rebecca Rutherford, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on July 9, 2018, recommending that the court deny Petitioner's habeas petition brought pursuant to 28 U.S.C. § 2241, and dismiss with prejudice this action, as Petitioner is not entitled to early release or a reduced sentence under the Residential Drug Abuse Program ("RDAP") because he was convicted of production of child pornography, which, by its nature, falls into the category of sexual abuse offenses against minors. The magistrate judge also notes that "there is no constitutionally protected liberty interest in receiving a sentence reduction under the RDAP." Report 3 (citation omitted).

Petitioner filed objections to the Report, contending that the Bureau of Prisons ("BOP") abused its discretion in determining that he is not eligible for a sentence reduction under 18 U.S.C. § 3621(e). Petitioner asserts that he is eligible for a reduced sentence because he successfully completed the RDAP. For support, Petitioner relies on "Sessions v. Dimaya (April 2018)," which, according to Petitioner, "held that the generic definition of a crime of violence in an immigration

Order – Page 1

statute was unconstitutionally vague and thereby void for vagueness." Obj. 1 (Doc. 13). Petitioner contends that, based on the decision in *Dimaya*, the Tenth Circuit "vacated a defendant's conviction of a gun charge in 18 U.S.C. § 924(c) which uses the identical definition of a crime of violence found in the residual clause of 18 U.S.C. § 16(b)." *Id.* Petitioner asserts that the "BOP uses the exact same generic definition of a crime of violence in its program statements to categorically deny inmates eligibility for the § 3621(e) sentence reduction." *Id.*

Respondent contends in response that the Supreme Court's opinion in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), is irrelevant to the BOP's decision to exclude Petitioner from program-based early release. Resp. 3 (Doc. 14). Respondent asserts that, like the Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Dimaya* addressed the constitutionality of the "residual clause" in a criminal statute, albeit a different criminal statute, but no federal court, to date, has extended the holding in either *Johnson* or *Dimaya* to the constitutionality of 18 U.S.C. § 3621(e) in the context of early release. Respondent further asserts that Petitioner's objection contradicts the argument in his habeas petition that the BOP could not consider his conviction for child pornography production as a reason for denying him early release because that offense is not a "crime of violence." In addition, Respondent contends that, as noted by the magistrate judge, it is settled law that an inmate does not have a constitutionally protected liberty interest in discretionary early release from custody of the BOP.

After carefully reviewing the pleadings, file, record in this case, Report, Petitioner's objections, the response to those objections, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Further, the court agrees

with Respondent that the holdings in *Johnson* and *Dimaya* do not apply to the BOP's procedures and decision-making process in making early release eligibility determination under 18 U.S.C. § 3621(e), and, in any event, Petitioner does not have a constitutionally protected liberty interest in discretionary early release from custody of the BOP under RDAP. Accordingly, the court **overrules** Petitioner's objections to the Report, **denies** his § 2241 habeas petition, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 9th day of August, 2018.

*[signature]*
Sam A. Lindsay
United States District Judge